# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| IRWIN ZALCBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO. 2:06-CV-399 |
| | ) |
| WALTER T. YOOST, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Remand, filed on December 19, 2006. For the reasons set forth below, the Motion to Remand is **GRANTED**. Accordingly, the Court **ORDERS** this case **REMANDED** to the LaPorte Superior Court, Room One, sitting in Michigan City, Indiana. The Clerk is **ORDERED** to return the State court's file to the State court, accompanied by a copy of the record of proceedings in this Court.

BACKGROUND

On August 23, 2006, Plaintiff Irwin Zalcberg ("Zalcberg"), a citizen of Michigan, filed a complaint against Defendant Walter T. Yoost ("Yoost"), a citizen of Indiana, in LaPorte Superior Court. Zalcberg's complaint alleged that Yoost failed to pay a debt owed to Zalcberg, demanded judgment against Yoost for $67,000 and demanded foreclosure on Yoost's property securing the debt.

1

On November 30, 2006, Yoost answered and counterclaimed. The answer and counterclaim alleged damages in excess of $75,000 and alleged claims and defenses arising out of Zalcberg and Yoost's employment relationship. Specifically, Yoost alleged that, *inter alia*, Zalcberg expressly released Yoost from the debt and the mortgage referred to in the complaint and waived such debt and mortgage in return for Yoost's continuing work for Zalcberg.

Also on November 30, 2006, Zalcberg filed a notice of removal pursuant to 28 U.S.C. § 1446(a). In the notice of removal, Zalcberg alleged federal jurisdiction pursuant to 28 U.S.C. § 1332.

In the instant motion, Yoost requests the Court to remand this action to the LaPorte Superior Court pursuant to 28 U.S.C. § 1447(c). Yoost argues that only a defendant is entitled to remove a case to federal court, not a plaintiff/counter-defendant. Zalcberg argues that the proper posture of parties for purposes of removal is determined by the functional test and under this test, he should be realigned as a defendant.

DISCUSSION

Statutes authorizing removal unambiguously state that only defendants are eligible to remove civil actions from a state court to a federal district court. *See* 28 U.S.C. § 1441-1452. Indeed, the statute defining which actions are removable provides in relevant part:

> [A]ny civil action brought in a State court of
> which the district courts of the United States
> have original jurisdiction, may be removed by
> *the defendant or the defendants*, to the
> district court of the United States for the

2

>district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Likewise, the statute delineating the procedure for removing an action provides in relevant part:

>A *defendant or defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a)(emphasis added).

Federal courts have strictly construed these statutes holding that the filing of a counterclaim will not transform a "plaintiff" into a "defendant" for the purposes of removal. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941). In fact, "[n]o court since 1938, [ ] has held that a plaintiff may remove a case as counter-defendant, and the well-established rule is that the plaintiff, who chose the forum, is bound by that choice and may not remove the case." *OPNAD Fund, Inc. v. Watson*, 863 F. Supp. 328, 332 (S.D. Miss. 1994).

Nevertheless, on a motion for remand, at least one court has recently realigned a state court plaintiff as a defendant to conform with the party alignment had the claims been initially brought before a federal court. *General Motors Corp. v. Gunn*, 752 F. Supp. 729 (N.D. Miss. 2001) (allowing party filing petition to

3

preserve evidence to remove "counterclaim" because discovery request was initially filed for a purpose ancillary to another suit, *i.e.*, to dispute anticipated claims ultimately alleged as the "counterclaim"). This was done pursuant to the so-called "functional test." *Id.* at 731-32. In *Gunn,* the Northern District of Mississippi realigned a party filing the first document in state court as a "true defendant" where the initial pleading was merely collateral to the cause of action filed as the second petition. *Id.* Indeed, the initial pleading in *Gunn* was the equivalent of a petition or action under Rule 27 of the Federal Rules of Civil Procedure. *Id.* at 732. "Rule 27 creates a 'separate ancillary or auxiliary proceeding' to perpetuate testimony or inspect documents and things for use in an expected action cognizable in federal court." *Id.* (citations omitted).

In the present case, Zalcberg concedes that the removal statutes expressly allow only defendants to remove, however, he urges the Court to rely on *Gunn* and realign him as the defendant. Zalcberg's argument is unpersuasive. As an initial matter, it is unclear whether realignment under the "functional test" is even applicable in this Circuit. Even if it were, no basis for its application exists in the present case. Unlike the initial pleading in *Gunn,* Zalcberg's complaint commences a civil action under Rule 3 of the Federal Rules of Civil Procedure. It is not a Rule 27 petition or action, nor is it collateral in any way to Yoost's claim. Rather, Zalcberg's complaint was filed to achieve his own ends, *i.e.,* recovery of an alleged debt. Accordingly, Zalcberg remains a plaintiff/counter-defendant. And as a plaintiff/counter-

4

defendant, Zalcberg is not entitled to remove. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-05 (1941); *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 356 (2d Cir. 1995); *Ballard's Service Center, Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972); *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967); *Mourik Intern. B.V. v. Reactor Services Intern., Inc.*, 182 F. Supp. 2d 599, 602 (S.D. Tex. 2002); *Green Tree Financial Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1281-82 (D. Kan. 1999); *Ford Motor Credit Co. v. Sperry*, No. 97-cv-7376, 1998 WL 246405, at *2 (N.D. Ill. April 30, 1998); *Coding Products, Inc. v. Homco Intern., Inc.*, No. 4:94-cv-143, 1995 WL 423853, *2-3 (W.D. Mich. Dec. 2, 1994).

Because Zalcberg has not satisfied the statutory requirements, removal by Zalcberg in the present case was improper. Zalcberg chose LaPorte Superior Court as the forum to adjudicate his cause of action and is bound by that choice.

CONCLUSION

     For the above reasons, Defendant's Motion for Remand is **GRANTED.** Accordingly, the Court **ORDERS** that this case be **REMANDED** to the LaPorte Superior Court, Room One, sitting in Michigan City, Indiana. The Clerk is **ORDERED** to return the State court's file to the State court, accompanied by a copy of the record of proceedings in this Court.

**DATED: April 26, 2007**                **/s/ RUDY LOZANO, Judge**
                                                 **United States District Court**